■ EXCEL GROUP, INC., Respondent, v PERMIS CONSTRUCTION CORP., Appellant. [678 NYS2d 778] —In an action to recover damages for tortious interference with a prospective business rela-

tionship, the defendant appeals from an order of the Supreme Court, Nassau County (DeMaro, J.), dated December 12, 1997, which denied its motion to dismiss the complaint for failure to state a cause of action, or in the alternative, for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, that branch of the motion which was to dismiss the complaint for failure to state a cause of action is granted, and the complaint is dismissed.

In an action to compel the City of New York to award a contract to it instead of to the plaintiff, the defendant included in its papers a Dun and Bradstreet report concerning the plaintiff. The inclusion of that report in the other action is the only wrongful act alleged by the plaintiff in its complaint against the defendant here. Such an act is not, as a matter of law, a wrongful act sufficient to support a claim for tortious interference with a prospective contractual relationship. That the use of the document in a legal proceeding may have violated the defendant's agreement with Dun and Bradstreet, an unrelated third party, does not, without more, transform the breach of contract with the third party into a wrongful act by the defendant against the plaintiff. Therefore, the branch of the motion which was to dismiss the complaint for failure to state a cause of action is granted (*see, Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183; *NBT Bancorp v Fleet/ Norstar Fin. Group,* 87 NY2d 614; *see, generally,* CPLR 3211 [a] [7]; *Campaign for Fiscal Equity v State of New York,* 86 NY2d 307, 318).

In light of our determination we need not reach the defendant's remaining contentions. O'Brien, J. P., Sullivan, Pizzuto and Florio, JJ., concur.